**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE TERTERYAN, | No. 08-72367 |
| Petitioner, | Agency No. A096-163-096 |
| v. | |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2013
San Francisco, California

Before:     CLIFTON and BEA, Circuit Judges, and KORMAN, Senior District
Judge.**

    Karine Terteryan, a native and citizen of Armenia currently residing in

California, petitions for review of an order of the Board of Immigration Appeals

---

    *     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

    **     The Honorable Edward R. Korman, Senior United States District Judge for the
Eastern District of New York, sitting by designation.

1

("BIA") affirming an Immigration Judge's ("IJ") adverse credibility determination and further conclusion that she is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"). On appeal, Ms. Terteryan presses only her asylum claim. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition for review.

Because Ms. Terteryan filed her asylum application in December 2002, the BIA's and IJ's adverse credibility findings are reviewed under pre-REAL ID Act standards. Under these standards, the BIA's affirmance of the IJ's adverse credibility finding is reviewed for substantial evidence, and we must affirm if the agency's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Nevertheless, the agency must express "a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994). In addition, "[t]he IJ's adverse credibility determination may not rest on incidental misstatements that do not go to the heart of [petitioner's] asylum claim." *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir. 2003) (internal quotation omitted).

Ms. Terteryan was denied relief based on the IJ's finding, reaffirmed by the BIA, that her testimony was not credible. The BIA justified this finding on Ms.

2

Terteryan's failure to disclose that she had been raped by the Armenian police in her asylum application, although she testified about the assault before the IJ. The BIA's reliance on this omission is contrary to our repeated holding that an asylum applicant's initial reluctance to discuss or disclose a sexual assault does not support an adverse credibility determination. *E.g.*, *Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) ("A victim of sexual assault does not irredeemably compromise his or her credibility by failing to report the assault at the first opportunity."); *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir. 2002) (same). Ms. Terteryan offered a reasonable and unrebutted explanation for her failure to disclose the rape on her initial asylum application: she testified that she was ashamed to discuss it with the man who helped her prepare the application. It was error for the IJ and BIA to rely on this omission to support an adverse credibility finding.

The additional inconsistencies in Ms. Terteryan's testimony noted by the IJ do not constitute substantial evidence sufficient to support an adverse credibility finding. Several of these inconsistencies concerned facts, such as Ms. Terteryan's address history in California, that are immaterial to her asylum claim. Other inconsistencies – such as Ms. Terteryan's testimony that an event occurred in 2000 which she had dated to 1999 in her written application – are trivial. These "minor inconsistencies cannot serve as the sole basis for an adverse credibility finding." *Garrovillas v. INS*, 156

3

F.3d 1010, 1014 (9th Cir. 1998).

The IJ also discussed at length Ms. Terteryan's failure to provide any corroborating evidence in support of her application, in particular her failure to procure the testimony of her "sister" – the woman with whom she was raised, and who Ms. Terteryan testified had recently lived in California, having been granted asylum in the United States. The IJ found this failure problematic despite Ms. Terteryan's explanation that she no longer knows where her sister resides, in part because her brother-in-law disapproved of them staying in contact when the sister's asylum application had been granted and Ms. Terteryan's status was uncertain. Nevertheless, under the pre-REAL ID Act standards applicable to Ms. Terteryan's claim, an asylum applicant cannot be required to produce corroborating evidence if he or she otherwise presents unrefuted, credible testimony. *See Ladha v. INS*, 215 F.3d 889, 901 (9th Cir. 2000) ("[A]n alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration."), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Because substantial evidence did not support the IJ's adverse credibility determination, the IJ erred in faulting Ms. Terteryan for her failure to present corroborating evidence and other testimony.

Because the BIA's and IJ's adverse credibility determination is not supported

4

by substantial evidence, the petition for review is granted and the matter remanded for further proceedings consistent with this opinion.

**PETITION FOR REVIEW GRANTED.**